IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11437
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

FELIPE ALVAREZ,

                                        Defendant-Appellant.

- - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:96-CR-229-3-T
- - - - - - - - - - -
July 15, 1997
Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

      Felipe Alvarez appeals from his conviction and sentence for
conspiracy to possess with intent to distribute heroin and aiding
and abetting the possession of heroin with intent to distribute.
Alvarez argues that the evidence was insufficient to support his
conviction.

      Alvarez argues that the evidence was insufficient to support
his conspiracy conviction because the evidence showed that Gomez

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

repeatedly denied she had an agreement with Alvarez. The evidence shows that Gomez was given Alvarez's number by a drug supplier in Mexico. Further, on two occasions, Alvarez met with Gomez to purchase heroin. Thus, from the "development and collocation of the circumstances," it was be reasonable for the jury to determine that an agreement to possess and distribute heroin did exist. See United States v. Maltos, 985 F. 2d 743, 746 (5th Cir. 1992).

Alvarez argues that there is insufficient evidence to support his aiding and abetting conviction because he was a spectator and did not exercise control, inspect, move or attempt to move the heroin. The evidence showed that Alvarez met with Gomez twice to discuss the purchase of heroin. At the latter of those meetings, Alvarez participated in a discussion with Soto and Gomez to determine when and where the next transaction would take place. The evidence also showed that Alvarez and Soto determined when the drugs and the money would be exchanged and that Gomez, who was in actual possession of the drugs, should go to another hotel in the morning to complete the transaction. Further, the jury could infer Alvarez's intent to distribute from the fact that the heroin had a street value of $500,000. See United States v. Cardenas, 9 F.3d 1139, 1158 (5th Cir. 1994). Therefore, it was reasonable for the jury to conclude that Alvarez shared Gomez's and Soto's criminal intent and affirmatively participated in the venture. See United States v.

Jaramillo, 42 F.3d 920, 922-23 (5th Cir.), cert. denied, 115 S. Ct. 2014 (1995).

Alvarez argues that the court should consider that the accuracy of the translation of the audio tape was insufficient to constitute credible evidence because the Government's translator was not present when the conversation was recorded and the translator's credentials were never established. Further, Alvarez contends that although Gomez checked the transcript, she was incompetent to do so since she needed an interpreter to translate English into Spanish during the course of the trial and there was no evidence proffered that she could translate Spanish to English. Because Alvarez had the opportunity to provide his own version of the transcript but failed to do so, "[h]e cannot be heard to complain on appeal because [he] failed to take advantage of [his] trial opportunity." See United States v. Wilson, 578 F.2d 67, 70 (5th Cir. 1978); see also United States v. Llinas, 603 F.2d 506, 509 (5th Cir. 1980).

AFFIRMED.